```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

OCIE M. COOK, JR.,             }
                               }
    Plaintiff and             }
    Counter-defendant,        }    CIVIL ACTION NO.
                               }
v.                             }    CV-00-AR-2569-S
                               }
TRUCKERS EXPRESS, INC.,        }
                               }
    Defendant and             }
    Counter-claimant.         }

FILED 00 SEP 29 PM 2:45
U.S. ___ COURT
N.D. OF ALABAMA

ENTERED
SEP 29 2000

### MEMORANDUM OPINION

At the status and scheduling conference conducted on this date, plaintiff, Ocie M. Cooke, Jr. ("Cook"), orally moved for a remand of the case, which on September 12, 2000, was removed to this court by defendant, Truckers Express, Inc. ("Truckers"), from the Circuit Court of Jefferson County, Alabama.

The following sequence of events appears from the record:

1. Prior to August 22, 2000, the case was not removable because the *ad damnum* was less than $75,000, although from the beginning there was complete diversity of citizenship between plaintiff and defendant.

2. On August 22, 2000, Cook amended his complaint to add claims and to increase the amount of his *ad damnum* to $3,500,000.

3. On August 24, 2000, the parties filed in the state court a joint motion to change the track assignment from "standard" to "complex".

4. On August 28, 2000, the state court granted the said joint motion and changed the trial date from February 5, 2001, to August 6, 2001.



5.  On August 30, 2000, Truckers filed in the state court an answer to Cook's amended complaint.

There is nothing in the record until the actual notice of removal was filed on September 12, 2000, to suggest that Truckers notified Cook or the state court of its intent to remove the case.

The right conferred on a defendant by 28 U.S.C. §1446(b) to remove a case within thirty (30) days from the date upon which it becomes removable is a right that can be waived. The here applicable principles for accomplishing such a waiver are discussed by Judge Shadur of the Northern District of Illinois in *Chicago Title & Trust Co v. Whitney Stores, Inc.*, 583 F.Supp. 575, 576, 577 (N.D.Ill.1984), as follows:

> Whitney had indeed elected to proceed in state court by obtaining an agreed continuance of its trial without stating its intent to trigger removal in the interim. It is true a party's waiver of its right to remove generally depends on its intent to do so. See *Carpenter v. Illinois central gulf railroad co.*, 524 F.Supp. 249, 251 (M.D.La.1981), quoted in 1A Moore & Ringle, *Moore's Federal Practice* ¶ 0.157[9], at 153 (2d ed. 1983). However an exception to that rule applies here, as expressed in *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 737 (E.D.Ky.1981) (footnote to *Moore's* omitted):
>
>> It is clear, however, that an inadvertent waiver of the defendant's right to remove can occur by his taking certain acts in the state court that are deemed to constitute a submission to its jurisdiction.
>
> Because under that exception waiver may occur inadvertently and as a result of defendant's actions, it is really more akin to estoppel than to waiver.
>
> ***
>
> **Whitney has acted in a manner inconsistent with its intent to seek federal jurisdiction. In so doing it has assented to the jurisdiction of the state court.** That renders the removal "improvident[] and without jurisdiction" within the meaning of

Case 2:00-cv-02569-WMA   Document 4   Filed 09/29/00   Page 3 of 3

> 28 U.S.C. § 1447(c) as the cases have construed it. Accordingly CT & T's motion to remand is granted.

(emphasis supplied).

For aught appearing, Cook would not have joined Truckers in moving for change in the track and trial date in the state court if he had known that Truckers planned to remove the case to federal court, and for aught appearing, the state court would not have granted the said joint motion if it had known that Truckers was about to remove the case. Truckers sought and obtained relief from the state court after the case became removable. Therefore, Truckers is estopped from removing the case from the court to whose jurisdiction it clearly submitted. Its actions were, after this case became removable, entirely inconsistent with its right to remove.

A separate order of remand will be entered.

DONE this __29th__ day of September, 2000.

_/s/ William M. Acker, Jr._
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE